DIAMANTIS, Judge.
The Department of Health and Rehabilitative Services (HRS) seeks a writ of certio-rari [1] to review the order of the trial court which requires HRS, or its designated agency or professional in Seminole County, to do a home study in an adoption proceeding. The trial court held that because the licensed clinical social worker who had prepared the prior home study did not have an office in Seminole County where the prospective adoptive parents reside, Chapter 92-96, § 9, Laws of Florida, amending section 63.092(2) of the Florida Statutes (1991), required HRS or its designated agent with offices in Seminole County to prepare the home study.
Section 63.092(2), as amended, requires HRS to perform the preliminary home study only if there is no licensed child-placing agency or licensed professional in the county where the prospective adoptive parents reside. The statute is intended to ensure the availability of adoption services in sparsely populated counties. Because the respondent does not contend that there are no qualified agencies or professionals in Seminole County, section 63.092(2) does not apply. Therefore, the trial court departed from the essential requirements of law in requiring HRS or its designated agent in Seminole County to perform a further home study.
The petition is granted and the writ issued quashing the trial court’s order.
PETITION GRANTED; WRIT ISSUED.
DAUKSCH and PETERSON, JJ., concur.

. HRS sought alternative relief in the form of either a writ of certiorari or a writ of prohibition. We conclude that certiorari review is appropriate.